# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MSI DATA LLC,<br><br>                       Plaintiff,<br><br>v.<br><br>FIRE CATT LLC,<br><br>                       Defendant. | Case No. 23-CV-288-JPS<br><br><br>**ORDER** |

On March 2, 2023, Plaintiff filed a complaint in the above-captioned matter, alleging breach of contract by Defendant and pleading diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332. ECF No. 1. However, the complaint failed to allege the citizenship of each party LLC. *See id.* at 1–2. Accordingly, in a text order on March 24, 2023, the Court instructed Plaintiff to "show cause why this case should not be dismissed for lack of subject matter jurisdiction." Plaintiff filed an amended complaint on April 7, 2023, ECF No. 5, but the new pleading failed to remedy the issue. The Court highlighted the deficiencies in another text order, dated April 12, 2023. This text order specified that (1) Plaintiff had not pled its own citizenship and (2) that Plaintiff had pled Defendant's members' residences but not the citizenship of those members. The Court gave Plaintiff another chance to remedy these deficiencies in a second amended complaint and warned that "[f]ailure to do so w[ould] result in dismissal of this case without prejudice." *Id.*

Unfortunately, Plaintiff's second amended complaint, ECF No. 6, remains deficient, and "[o]nce again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money." *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). Although Plaintiff has now adequately pled its own citizenship, it still has not adequately pled the citizenship of each member of Defendant. Plaintiff states that "FIRE CATT is represented by counsel, who informed counsel for MSI that no members of FIRE CATT are residents of Wisconsin, and are instead residents of Michigan." *Id.* at 2. This statement is insufficient for two reasons.

First—despite the Court explicitly pointing out the error in its April 12 text order—the second amended complaint still pleads Defendant's members' residences and not their citizenship, which is not sufficient for purposes of diversity jurisdiction. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007); *see also Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) ("When the parties allege residence but not citizenship, the court must dismiss the suit.").[1] Second, a party's disclaimer of citizenship of a certain state is not sufficient; citizenship must be affirmatively alleged. *See Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1073 (7th Cir. 1992) ("It is impossible to determine diversity of citizenship without knowing who the persons in question are. And litigants

---

[1]The second amended complaint states that Defendant's "principal place of business" is in Michigan. ECF No. 6 at 2. But this also is insufficient. *Bosshard Bogs, LLP v. Cliffstar Corp.*, No. 02-C-0034-C, 2002 WL 32360299, at *1 (W.D. Wis. Sept. 16, 2002) ("The citizenship of either a limited liability partnership or a limited liability company is the citizenship of its partners or members, not the location of its principal place of business." (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)); *accord Ywarsky v. Wal-Mart Transp., LLC*, No. 2:23-CV-69-PPS-JPK, 2023 WL 2661977, at *1 (N.D. Ind. Mar. 28, 2023).

instructed to specify the partners and their citizenship may not respond with a vacuous statement such as 'no partner is a citizen of Illinois.'").

No other allegations in the second amended complaint establish diversity subject matter jurisdiction either. The second amended complaint (as well as both prior versions of the complaint) alleges that

> [t]he Court has personal jurisdiction over FIRE CATT because it agreed to "irrevocably and unconditionally submit to the jurisdiction of the federal and state courts located in Milwaukee County, Wisconsin" under Paragraph 11.5 of the Agreement, and a substantial part of its acts related to MSI's claims took place in Wisconsin. Venue is proper in this judicial district under U.S.C. § 1391(b) because FIRE CATT agreed that "the federal and state courts located in Milwaukee County, Wisconsin" would be "the exclusive forum for any . . . suit, action, or other proceeding" under Paragraph 11.5 of the Agreement.

ECF No. 6 at 2. Plaintiff does not appear to be arguing that the operative language in the parties' agreement is relevant to determining subject matter jurisdiction. But even if it were, that contract language does not displace the Court's "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Nor does it relieve Plaintiff of its burden to support its jurisdictional allegations by "competent proof." *NFLC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995) (quoting *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)).

Because Plaintiff has had multiple opportunities to remedy the problems with its complaint and has failed to do so, the Court will make good on its warning to dismiss the case. The dismissal will operate without prejudice. *Lauderdale-El v. Ind. Parole Bd.*, 35 F.4th 572, 576 (7th Cir. 2022).

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of April, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge